IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-14428-CIV-MOORE/LYNCH

KATHLEEN M. PRINCIPE,

    Plaintiff,

v.

SEACOAST BANKING CORPORATION
OF FLORIDA,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S APPEAL OF MAGISTRATE JUDGE'S ORDERS

THIS CAUSE came before the Court upon Plaintiff Kathleen M. Principe's Objections to the Non-Dispositive Order of the Magistrate Judge Dated April 29, 2010, Regarding Her First Motion to Compel Discovery (dkt # 26), and Objections to the Non-Dispositive Order of the Magistrate Judge Dated June 10, 2010, Regarding Her Motion for Reconsideration/Rehearing and/or Renewed Motion to Compel Discovery (dkt # 45). This Court construes both of these objections as appeals of the aforementioned Magistrate Judge's Orders.

UPON CONSIDERATION of the Appeals, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case involves an employee who claims she was terminated in retaliation for exercising her rights under the Family Medical Leave Act ("FMLA"). Plaintiff Kathleen Principe ("Principe") was employed by Defendant Seacoast Banking Corporation of Florida ("Seacoast").[1] On September

---

[1] The facts here are taken from the Complaint.

26, 2008, while on her way to work at Seacoast's Westmoreland branch, Principe received a call from her daughter who claims that she was going to kill herself and her infant son. After the phone call with her daughter ended, Principe called her physician. While speaking to her physician, Principe noticed it was time to start work. Principe entered the bank and notified the assistant manager of her situation. The assistant manager responded by telling her that she was late for work. Principe told the assistant manager that she needed to leave work to commence the process of having her daughter committed for involuntary examination. One hour later, Principe was given permission to leave. Before leaving, Principe requested two to three weeks of short-term leave. She was told that she would have to wait until the branch manager returned on Monday for a response. Later that day, Principe and her husband filed a Petition of Affidavit Seeking Ex Parte Order Requiring Involuntary Examination of their daughter. The petition was granted the same day and the sheriff's office enforced the order. The Florida Department of Children and Families ("DCF") became involved and temporary custody of Principe's daughter's minor child was given to Principe and her husband.

On September 30, 2008, Principe met with the branch manager who informed her that she could have two days of leave. She was also written up for her conduct within the bank on September 26, 2008. On October 1, 2008, Principe notified the branch manager and human resources that she was exercising her rights under the FMLA. She was granted 12 weeks of leave. On January 2, 2009, after taking her 12 weeks of leave, Principe was written up for a number of issues that occurred prior to her leave of absence. Principe also provided her supervisor with a doctor's note advising her not to stand for extended periods of time because of a herniated degenerative disc injury. Principe was nevertheless assigned to the teller line, even though this was not a substantial portion of her job

duties prior to her leave of absence.

On January 7, 2009, Principe was written up again for performance reasons. Thereafter, Principe alleges that she was singled out and counseled about issues that were not raised with other employees who engaged in the same conduct. Principe was terminated on January 26, 2009, and alleges that her termination was in retaliation for the exercise of her rights under the FMLA. On December 18, 2009, Principe filed a Complaint (dkt # 1) against Seacoast alleging that Seacoast violated her rights under the FMLA and bringing a claim for intentional infliction of emotional distress. This Court dismissed Principe's intentional infliction of emotional distress claim in an Order dated March 25, 2010 (dkt # 18).

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(A), a judge can refer pretrial matters to the magistrate for assistance, disposition, and recommendation. A district court reviews a magistrate judge's discovery determinations under a clearly erroneous and contrary to law standard. Merritt v. Int'l Broth. of Boilermakers, 649 F.2d 1013, 1017 (5th Cir. 1981). Further, judges are entrusted with a great deal of discretion in their oversight of the discovery process. See Am. Key Corp. v. Cole Nat'l Corp., 7 F.2d 1569, 1578 (11th Cir. 1985).

## III.   ANALYSIS

Principe challenges the Magistrate Judge's ruling that she is not entitled to certain discovery. Specifically, Principe seeks to compel responses to two Interrogatories, numbers 24 and 25, and to two of Principe's Request for Production, numbers 12 and 22.[2] During discovery, the "[p]arties may

---

[2] Principe does not challenge the Magistrate Judge's ruling concerning Request for Production number 18.

obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). A court may limit discover of relevant material if:

> the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . .; or . . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (iii). "The party resisting discovery has a heavy burden of showing why discovery should be denied." Williams v. The Art Inst. of Atlanta, No. 1:06-CV-0285-CC/AJB, 2006 WL 3694649, at *3 (N.D. Ga. Sept. 1, 2006) (internal quotation marks omitted). "Once the resisting party meets its burden, the moving party has the burden of showing the information is relevant and necessary." Id.

  A. Interrogatories 24 and 25

The Magistrate Judge denied Principe's request to compel responses to Interrogatories 24 and 25. Principe's interrogatory number 24 states:

> Identify each employee within the 19th Judicial Circuit (Martin, St. Lucie, Indian River and Okeechobee Counties) during the past three (3) years, who requested FMLA leave and state their name, present address and telephone number, when they requested FMLA leave and if FMLA leave was granted and if not, all the reasons for the denial of the request for FMLA leave.

Pl.'s First Motion to Compel Discovery at 6 (dkt # 19). Principe's interrogatory number 25 states:

> For each employee identified in response to Interrogatory number 24, identify each employee for whom FMLA leave was granted, state the period of leave, state the date of return, state whether the individual was reinstated to the same or a different position than the one from which they left at the time of FMLA leave (if different,

4

>   state all reasons why), state whether they are still employed by Defendant and if not,
>   state the date of separation from employment and all reasons for the separation.

Id. at 8. The Magistrate Judge concluded that Principe was not entitled to the information sought because it would require Seacoast to disclose "highly confidential and private information concerning a non-party requesting temporary leave from their job due to some medical condition or their own or a family member." Order on Plaintiff's First Motion to Compel ¶ 4 (dkt # 24). The Magistrate Judge went on to state:

> When interrogatories ask for information of names, addresses, telephone numbers, when leave was requested, the date of return, and whether or not that individual is still employed by the Defendant, this Court finds this information to he highly personal. In balancing the Plaintiff's interest in obtaining this information to prove her claim versus the entitlement of these individuals to keep their medical records private, this Court finds in favor of maintaining the confidentiality of the records of these non-parties.

Id.

As an initial matter, Interrogatories 24 and 25 do not contemplate the disclosure of medical records. Rather, the information sought bears on the employees who asked for or took FMLA leave, the periods of their absence, and conditions of employment upon returning to work. Principe has not asked Seacoast to disclose the reason the employees sought to invoke their rights under the FMLA. There is nothing unduly sensitive about employee requests for FMLA leave, the time periods of the leave, the circumstances of employment after the leave, or the identity and contact information of these employees. Each of these fall squarely within the scope of Rule 26(b)(1). To the extent that Principe seeks to prove her FMLA retaliation claim by circumstantial evidence, FMLA leave taken by other employees and the conditions of employment upon their return is relevant to establishing Seacoast's pattern or practice of dealing with employees who exercise, or attempt to exercise, their

FMLA rights.[3] Seacoast's treatment of employees who exercise their FMLA rights is relevant to whether Seacoast retaliated against Principe for taking FMLA leave. Therefore, Principe is entitled to a substantive response to Interrogatories 24 and 25.

B.  Request for Production Number 12

The Magistrate Judge denied Principe's request to compel a response to her Request for Production number 12. This Request for Production states: "Produce each and every document that shows discipline, counseling, adverse employment action, and/or discharge of any other employee of Defendant for absence-related reasons during the previous five years." Pl.'s First Motion to Compel Discovery at 9. Principe alleges that one of the pretextual reasons for which she was terminated is excessive absences. Compl. ¶¶ 89-90 (dkt # 1). Evidence concerning disciplinary action or adverse employment action that Seacoast administered to other employees for absence-related reasons is relevant in determining whether Seacoast's reason for terminating Principe was pretextual. See Connor v. Sun Trust Bank, 546 F. Supp. 2d at 1372. Principe's request for documents going back five years is not excessive or unduly burdensome given the number of employee files to be searched, the amount in controversy, and the resources of the Parties. Horn v. Wallace, No. 3:06cv108/LAC/EMT, 2007 WL 4414843, at *3 (N.D. Fla. Dec. 17, 2007) (ordering production of disciplinary reports going back five years and citing cases ordering production of documents going back five years). Therefore, Principe is entitled to a substantive response to Request for Production number 12.

---

[3] Proving an FMLA retaliation claim through circumstantial evidence requires application of the burden shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Connor v. Sun Trust Bank, 546 F. Supp. 2d 1360, 1372 (N.D. Ga. 2008).

C.  Request for Production Number 22

The Magistrate Judge denied Principe's request to compel a response to her Request for Production number 22. This Request for Production states:

> For each employee of Defendant, during the past three years, within the 19th Judicial Circuit (Martin, St. Lucie, Indian River and Okeechobee counties), produce all documents reflecting each employee who took FMLA leave and whether a desk audit was conducted as to each employee, including the results of any such desk audit, and whether the desk audit resulted in any formal and/or informal write-up of any kind with respect to said employee.

Pl.'s First Motion to Compel Discovery at 9. This Court has already addressed the issue of disclosing the identities of employees who took FMLA leave. The remainder of this Request for Production simply queries whether Seacoast conducted desk audits of employees who took FMLA leave and what the results of any such desk audits were. As Seacoast concedes, this information may be relevant in determining whether Seacoast's stated reason for terminating Principe was pretextual. Def.'s Resp. to Pl.'s First Motion to Compel Discovery at 8 (dkt # 22). This request is not unduly burdensome for the reasons stated above. Therefore, Principe is entitled to a substantive response to Request for Production number 22.[4]

---

[4] Principe argues that Seacoast has perpetrated a fraud on the court by misrepresenting the availability of records documenting the FMLA leave of its employees. This argument is without merit. Charles A. Olsson ("Olsson") stated in his deposition that Seacoast's computer system tracks sick time but not FMLA leave, although Seacoast's computer system includes FMLA leave as a component of sick time. Deposition of Olssen at 31-32 (dkt # 23-1). Olsson went on to say that he believed that FMLA leave information could be obtained through the payroll department, but did not say how that information would be made available. Id. These statements are not inconsistent with his representation in his affidavit that "there is no centralized database identifying all FMLA leave requests made by employees." Aff. of Olssen ¶ 5 (dkt # 22-1).

7

## IV. CONCLUSION

In light of the foregoing, it is ORDERED AND ADJUDGED that Seacoast respond to the aforementioned discovery requests according to the terms of this Order. Defendant shall provide these responses within 10 days of the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of July, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record