IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 09-14428-CIV-MOORE/LYNCH

KATHLEEN M. PRINCIPE,

    Plaintiff,

vs.

SEACOAST BANKING CORPORATION
OF FLORIDA, a/k/a SEACOAST
NATIONAL BANK,

    Defendant.
                                            /

**ORDER DENYING PLAINTIFF'S POST-TRIAL MOTION FOR ENTRY OF JUDGMENT ON THE VERDICT AND FOR ADDITIONAL EQUITABLE RELIEF; GRANTING IN PART DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

THIS CAUSE came before the Court upon Plaintiff's Post-Trial Motion for Entry of Judgment on the Verdict and for Additional Equitable Relief (ECF No. 121) and Defendant's Motion for Judgment as a Matter of Law (ECF No. 122).

UPON CONSIDERATION of the Motions, the Responses, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

**I.    BACKGROUND**

This case involves an employee who claims that her former employer violated her rights under the Family and Medical Leave Act ("FMLA"). Trial was held and the jury returned a verdict in favor of Plaintiff Kathleen Principe ("Principe") for $25,000 on her interference claim, but against Principe on her retaliation claim. Special Verdict Form (ECF No. 119).

**II.   STANDARD OF REVIEW**

When ruling on a motion for judgment as a matter of law, a court must "consider all the evidence in the light most favorable to the non-moving party, and independently determine

whether the facts and inferences point so overwhelmingly in favor of the movant . . . that reasonable people could not arrive at a contrary verdict." Webb-Edwards v. Orange County Sheriff's Office, 525 F.3d 1013, 1029 (11th Cir. 2008) (quoting Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1308 (11th Cir. 1998)) (internal quotation marks and citation omitted). The court must "affirm the jury verdict unless there is no legal basis upon which the jury could have found for the [non-moving party]." Telecom Technical Servs. Inc. v. Rolm Co., 388 F.3d 820, 830 (11th Cir. 2004).

### III.  ANALYSIS

Defendant Seacoast Banking Corporation of Florida ("Seacoast") moves for judgment as a matter of law on Principe's interference claim. With respect to this claim, the jury found that Seacoast interfered with Principe's FMLA rights by (a) denying her a benefit to which she was entitled, and (b) failing to return her to the same or an equivalent position after her FMLA leave had ended. Special Verdict Form (ECF No. 119). The jury awarded Principe $25,000 in damages on this claim. Id.

Seacoast claims that it is entitled to judgment as a matter of law on Principe's interference claim because Principe presented evidence that was insufficient to allow any reasonable person to find in favor of Principe on her interference claim. This contention is without merit. Principe presented sufficient evidence to enable a reasonable person to conclude that she was not returned to the same or an equivalent position. This conclusion is adequate to deny Seacoast's motion that it is entitled to judgment as a matter of law on Principe's interference claim. Therefore, this Court need not reach the issue of whether Principe presented sufficient evidence to support her claim that she was denied a benefit to which she was entitled.

Seacoast also claims that the jury's damages award on Principe's interference claim is inconsistent with the jury instructions. Through the Court's Instructions to the Jury, the jury was

instructed: "If you find that Plaintiff was denied a benefit of employment or was not reinstated to the same or an equivalent position, you may award any loss of net pay and benefits caused by those actions."  Court's Instructions to the Jury at 11 (ECF No. 117).  In the charge conference, Plaintiff's counsel objected to the aforementioned instruction, arguing instead that if Principe prevailed on the interference claim, she should be entitled to back pay from the time of her termination to the date of the verdict.  In doing so, Plaintiff's counsel acknowledged that the actual damages arising from the alleged interference was less than 10 hours.  Plaintiff's counsel's objection was overruled and this Court included the aforementioned instruction.

Given this Court's instructions to the jury on damages for interference, there is no basis for the jury's award of $25,000 for the interference claim.  The actual damages arising from the interference, if any, were for no more than 10 hours of pay.[1]  Therefore, the jury's damages award is not supported by the evidence and is inconsistent with this Court's Instructions to the Jury.  Accordingly, Seacoast is entitled to judgment as a matter of law on the issue of damages and the jury's award of $25,000 on Principe's interference claim is due to be vacated.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff's Post-Trial Motion for Entry of Judgment on the Verdict and for Additional Equitable Relief (ECF No. 121) is DENIED, for the aforementioned reasons.  It is further,

ORDERED AND ADJUDGED that Defendant's Motion for Judgment as a Matter of

---

[1] In Plaintiff's Response, she alleges that more than ten hours were owed. However, even including all hours and adjustments Plaintiff now believes she is entitled to, damages would not be more than $1,680. The Court declines at this time to fix an amount of interference damages, and will instead provide the Parties with an opportunity to either agree on the correct amount of time or more fully brief the issue.

Law (ECF No. 122) is GRANTED IN PART. The Parties may file a stipulation as to the amount of actual loss of net pay and benefits caused by Seacoast's interference, by November 12, 2010. If the Parties are unable to agree, Plaintiff may file a memorandum of law in support of damages, with supporting evidentiary material already in the record, by November 12, 2010. Defendant may file a Response by November 19, 2010, and Plaintiff may file a Reply by November 23, 2010. The Clerk of the Court is instructed to CLOSE this case for administrative purposes. All pending motions not otherwise ruled on are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd day of November, 2010.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record